**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                      )
**LEV TSITRIN,**                      )
                                      )
    **Plaintiff,**             )
                                      )
    **v.**                    )       **Civil Action No. 11-2057 (RWR)**
                                      )
**CHARLES F. LETTOW,**                )
                                      )
    **Defendant.**             )
_____       )

<u>MEMORANDUM OPINION</u>

Pro se plaintiff Lev Tsitrin appears to bring common law claims for money damages for fraud and negligence against United States Court of Federal Claims Judge Charles Lettow, alleging that Judge Lettow improperly handled a civil action Tsitrin had filed in that court.  Judge Lettow has moved under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint, arguing that judicial immunity bars this suit as to him, the United States as the substituted party defendant has not waived sovereign immunity, and Tsitrin's claims are unexhausted. Because Tsitrin has failed to state a claim against Judge Lettow for which relief can be granted, and because the court lacks subject matter jurisdiction over Tsitrin's claims against the United States, the complaint will be dismissed.

<u>BACKGROUND</u>

In 2005, Tsitrin, a founder of Overview Books, LLC, filed a complaint against the United States in the Court of Federal

- 2 -

Claims.  He challenged under the First and Fifth Amendments the
government's policy of denying its "cataloging-in-publication
(CIP) service" to "small publishers," which allegedly prevented
"libraries and bookstores [from] identify[ing] and order[ing]
newly-published books in their areas of interest."  (Compl. ¶ 5;
see also Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. to
Dismiss ("Def.'s Mem.") at 2.)  Judge Lettow dismissed the case
upon the government's motion (Compl. ¶ 11; Def.'s Mem. at 2) and
the United States Court of Appeals for the Federal Circuit
affirmed the decision *per curiam* (Compl. ¶ 17; Def.'s Mem. at 2;
Def.'s Notice of Decision Relevant to Def.'s Mot. to Dismiss
("Def.'s Notice") at 2.)  The Supreme Court later denied
Tsitrin's petition for a writ of certiorari.  (Compl. ¶ 17;
Def.'s Notice at 2.)

In this damages action, Tsitrin alleges that Judge Lettow's
opinion and order dismissing the case were "based on facts
. . . . invented by the defendant out of his own head" (Compl.
¶¶ 11-12), that the judge "denied the plaintiff the ability to
dispute [those facts in] court" (id. ¶ 14), and that he failed to
handle the matter "impartially and fairly" (id. ¶ 15).  He also
alleges that the decision was rendered fraudulently and
negligently.  (See, e.g., Compl. ¶¶ 13-16.)  In his motion to
dismiss the complaint, Judge Lettow argues, among other things,
that the court lacks subject matter jurisdiction since absolute
judicial immunity shields him; the United States as the

- 3 -

substituted party defendant is shielded by sovereign immunity

from suit on Tsitrin's common law claims, and the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. § 1346(b), does not operate as a

limited waiver of sovereign immunity here; and Tsitrin did not

exhaust his administrative remedies before filing this action.

(See Def.'s Mem. at 7-16.)  Tsitrin in opposition argues, among

other things, that since "the misconduct alleged in the complaint

is totally . . . contrary to[] the defendant's exercise of his

duties as a federal judge, . . . the issue of sovereign immunity

is moot."  (Pl.'s Response to Def.'s Mot. to Dismiss Pl.'s Compl.

("Pl.'s Response") at 2.)

DISCUSSION

Judicial immunity shields federal judges from suit.

Caldwell v. Kagan, 455 F. App'x 1, 1 (D.C. Cir. 2011) (citing

Forrester v. White, 484 U.S. 219, 225 (1988); Sindram v. Suda,

986 F.2d 1459, 1460 (D.C. Cir. 1993)).  "[J]udges are absolutely

immune from lawsuits based on their official acts."  Misu v.

Wilkins, Civil Action No. 12-945 (ESH), 2012 WL 2308116, at *1

(D.D.C. June 11, 2012) (citing Stump v. Sparkman, 435 U.S. 349,

355-57 (1978) (additional citations omitted)).  Accordingly,

courts in this district routinely dismiss matters filed against

judges in their judicial capacity.  See, e.g., Jennings v.

Walton, Civil Action No. 12-410 (RWR), 2012 WL 1156439 (RWR), at

*1 (D.D.C. Apr. 6, 2012); Lasko v. McAvoy, Civil Action No. 12-

0093, 2012 WL 171542 (JEB), at *1 (D.D.C. Jan. 20, 2012).

- 4 -

A claim asserted against a federal judge stemming from official judicial acts is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Caldwell, 455 F. App'x at 1.  In considering an argument for a Rule 12(b)(6) dismissal, a court accepts as true, Sierra Club v. Jackson, 648 F.3d 848, 855 (D.C. Cir. 2011), and liberally construes, Beattie v. Astrue, 845 F. Supp. 2d 184, 190 (D.D.C. 2012), a pro se plaintiff's factual allegations.  However, while a plaintiff is accorded "the benefit of every reasonable inference drawn from the well-pleaded facts," Long v. Safeway, Inc., 842 F. Supp. 2d 141, 144 (D.D.C. 2012), he still must "'present a claim on which the Court can grant relief.'" Beattie, 845 F. Supp. 2d at 190 (citation omitted).  "If a plaintiff fails to allege sufficient facts to . . . nudge [his claim] across the line from conceivable to plausible, the complaint will be dismissed."  Cornish v. Dudas, 715 F. Supp. 2d 56, 61 (D.D.C. 2010) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Here, Tsitrin concedes that the instant suit concerns Judge Lettow's official conduct and opinion issued in Overview Books, LLC and Lev Tsitrin v. United States, 72 Fed. Cl. 37 (Fed. Cl. 2006).  (See Compl. ¶¶ 11-16; Def.'s Reply at 2.)  Because Tsitrin's action challenges Judge Lettow's official acts, the complaint will be dismissed as to Judge Lettow for failure to

- 5 -

state a claim upon which relief can be granted.  Caldwell, 455 F.
App'x at 1.

In addition, "when a federal employee is sued for a wrongful
or negligent act, . . . the United States Attorney in the
district where the claim is brought[] may certify that the
employee was acting at the time within the scope of his or her
employment."  Stokes v. Cross, 327 F.3d 1210, 1213 (D.C. Cir.
2003) (citing 28 U.S.C. § 2679(d)(1) (additional citation
omitted)).  "The certification requires the substitution of the
United States for the federal employee as the defendant . . .
where a plaintiff fails to allege sufficient facts to rebut
[it,]" Hicks v. Office of the Sergeant at Arms for the U.S.
Senate, Civil Action No. 07-2186 (RWR), 2012 WL 2673094, at *3
(D.D.C. July 6, 2012), or concedes, as Tsitrin does, that the
action concerns a defendant judge's official conduct.  The
certification also "converts the lawsuit into an action against
the United States under the [FTCA]."  Id.

"The United States maintains sovereign immunity except to
the extent that it consents to be sued, and the terms of its
consent define a court's jurisdiction to hear the suit."
Hornbeck Offshore Transp., LLC v. United States, 563 F. Supp. 2d
205, 209 (D.D.C. 2008).  "[S]uits for damages against the United
States under the common law must be brought pursuant to the
limited waiver of sovereign immunity in the [Federal Tort Claims
Act ("FTCA"), 28 U.S.C. § 1346(b)]."  Benoit v. United States

- 6 -

Dep't of Agriculture, 608 F.3d 17, 20-21 (D.C. Cir. 2010).  FTCA

claims may be dismissed for lack of subject matter jurisdiction

where the plaintiff does not exhaust necessary administrative

remedies under the FTCA, which is a mandatory prerequisite.  GAF

Corp. v. United States, 818 F.2d 901, 904 (D.C. Cir. 1987); see

also Cox v. Astrue, Civil Action No. 11-2040 (BAH), 2011 WL

5926772, at *1 (D.D.C. Nov. 16, 2011) (citing Abdurrahman v.

Engstrom, 168 F. App'x 445, 445 (D.C. Cir. 2005) (per curiam)

("[T]he district court properly dismissed the case [based on

unexhausted FTCA claim] for lack of subject matter

jurisdiction.").)

     In considering an argument for a Rule 12(b)(1) dismissal for

lack of subject matter jurisdiction, a court "treat[s] the

complaint's factual allegations as true" and "grant[s] plaintiff

'the benefit of all inferences that can be derived from the facts

alleged.'"  Nat'l Whistleblower Ctr. v. HHS, 839 F. Supp. 2d 40,

44 (D.D.C. 2012) (quoting Sparrow v. United Air Lines, Inc., 216

F.3d 1111, 1113 (D.C. Cir. 2000)).  However, "'[b]ecause subject

matter jurisdiction focuses on the court's power to hear the

claim, . . . the court must give the plaintiff's factual

allegations closer scrutiny when resolving a Rule 12(b)(1) motion

than would be required for a Rule 12(b)(6) motion[.]"  Aref v.

Holder, 774 F. Supp. 2d 147, 159 (D.D.C. 2011).  "In order to

survive a motion to dismiss [under] Rule 12(b)(1), the plaintiff

bears the burden of establishing that the court has subject

- 7 -

matter jurisdiction." Vemuri v. Napolitano, 845 F. Supp. 2d 125,

128 (D.D.C. 2012) (citing Moms Against Mercury v. FDA, 483 F.3d

824, 828 (D.C. Cir. 2007)).  An argument in a defendant's

dispositive motion that a plaintiff fails to address in response

may be deemed to be conceded.  See Rosenblatt v. Fenty, 734 F.

Supp. 2d 21, 22 (D.D.C. 2010); Hopkins v. Women's Div., Gen. Bd.

of Global Ministries, 238 F. Supp. 2d 174, 178 (D.D.C. 2002).

Here, the U.S. Attorney's Office filed a certification under

28 U.S.C. § 2679(d) stating that Judge Lettow "was acting within

the scope of his employment as an employee and judicial officer

of the United States at the time of the alleged events."

(Certification [Dkt. 1] at 1.)  Tsitrin has not adequately

rebutted the certification, which "is prima facie evidence that

the employee['s] conduct was within the scope of [his]

employment."  Hicks, 2012 WL 2673094, at *3.  The United States

therefore is the proper substituted defendant.  The United States

has alleged that Tsitrin cannot maintain FTCA claims because he

did not exhaust his administrative remedies.  (Def.'s Mem. at 14,

16.)  Tsitrin has not responded to or refuted that assertion, and

the argument will be deemed conceded.[1]  Thus, Tsitrin's FTCA

---

[1]  Even if Tsitrin had exhausted his administrative remedies, his
complaint does not allege that he did, and the claims against the
United States would be subject to dismissal under Rule 12(b)(6)
for failure to state a claim for which relief could be granted.
See McAlister v. Potter, 843 F. Supp. 2d 117, 123 (D.D.C. 2012)
(stating that an official capacity damages claim under the FTCA
would fail where the complaint did not allege the required
exhaustion of administrative remedies).

- 8 -

claims against the United States fail for lack of subject matter

jurisdiction.

<u>CONCLUSION</u>

Because Judge Lettow is immune from suits arising from his

official acts, Tsitrin has failed to state a claim against him.

Tsitrin's unexhausted FTCA damages claims against the United

States must be dismissed for lack of subject matter jurisdiction.

Thus, the defendant's motion to dismiss the complaint will be

granted.   A final order accompanies this memorandum opinion.

SIGNED this 29th day of August, 2012.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge