UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**LEV TSITRIN,**                   )
                                   )
    Plaintiff,                 )
                                   )
    v.                         )     Civil Action No. 11-2057 (RWR)
                                   )
**CHARLES F. LETTOW,**             )
                                   )
    Defendant.                 )
_____)

### MEMORANDUM OPINION

Pro se plaintiff Lev Tsitrin appears to bring common law claims for money damages for fraud and negligence against United States Court of Federal Claims Judge Charles Lettow, alleging that Judge Lettow improperly handled a civil action Tsitrin had filed in that court.  Judge Lettow has moved under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint, arguing that judicial immunity bars this suit as to him, the United States as the substituted party defendant has not waived sovereign immunity, and Tsitrin's claims are unexhausted.  Because Tsitrin has failed to state a claim against Judge Lettow for which relief can be granted, and because the court lacks subject matter jurisdiction over Tsitrin's claims against the United States, the complaint will be dismissed.

### BACKGROUND

In 2005, Tsitrin, a founder of Overview Books, LLC, filed a complaint against the United States in the Court of Federal

- 2 -

Claims.  He challenged under the First and Fifth Amendments the government's policy of denying its "cataloging-in-publication (CIP) service" to "small publishers," which allegedly prevented "libraries and bookstores [from] identify[ing] and order[ing] newly-published books in their areas of interest."  (Compl. ¶ 5; see also Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 2.)  Judge Lettow dismissed the case upon the government's motion (Compl. ¶ 11; Def.'s Mem. at 2) and the United States Court of Appeals for the Federal Circuit affirmed the decision *per curiam* (Compl. ¶ 17; Def.'s Mem. at 2; Def.'s Notice of Decision Relevant to Def.'s Mot. to Dismiss ("Def.'s Notice") at 2.)  The Supreme Court later denied Tsitrin's petition for a writ of certiorari.  (Compl. ¶ 17; Def.'s Notice at 2.)

In this damages action, Tsitrin alleges that Judge Lettow's opinion and order dismissing the case were "based on facts . . . . invented by the defendant out of his own head" (Compl. ¶¶ 11-12), that the judge "denied the plaintiff the ability to dispute [those facts in] court" (id. ¶ 14), and that he failed to handle the matter "impartially and fairly" (id. ¶ 15).  He also alleges that the decision was rendered fraudulently and negligently.  (See, e.g., Compl. ¶¶ 13-16.)  In his motion to dismiss the complaint, Judge Lettow argues, among other things, that the court lacks subject matter jurisdiction since absolute judicial immunity shields him; the United States as the

substituted party defendant is shielded by sovereign immunity from suit on Tsitrin's common law claims, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), does not operate as a limited waiver of sovereign immunity here; and Tsitrin did not exhaust his administrative remedies before filing this action. (See Def.'s Mem. at 7-16.)  Tsitrin in opposition argues, among other things, that since "the misconduct alleged in the complaint is totally . . . contrary to[] the defendant's exercise of his duties as a federal judge, . . . the issue of sovereign immunity is moot."  (Pl.'s Response to Def.'s Mot. to Dismiss Pl.'s Compl. ("Pl.'s Response") at 2.)

## DISCUSSION

Judicial immunity shields federal judges from suit. Caldwell v. Kagan, 455 F. App'x 1, 1 (D.C. Cir. 2011) (citing Forrester v. White, 484 U.S. 219, 225 (1988); Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993)).  "[J]udges are absolutely immune from lawsuits based on their official acts."  Misu v. Wilkins, Civil Action No. 12-945 (ESH), 2012 WL 2308116, at *1 (D.D.C. June 11, 2012) (citing Stump v. Sparkman, 435 U.S. 349, 355-57 (1978) (additional citations omitted)).  Accordingly, courts in this district routinely dismiss matters filed against judges in their judicial capacity.  See, e.g., Jennings v. Walton, Civil Action No. 12-410 (RWR), 2012 WL 1156439 (RWR), at *1 (D.D.C. Apr. 6, 2012); Lasko v. McAvoy, Civil Action No. 12-0093, 2012 WL 171542 (JEB), at *1 (D.D.C. Jan. 20, 2012).

- 4 -

A claim asserted against a federal judge stemming from official judicial acts is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Caldwell, 455 F. App'x at 1.  In considering an argument for a Rule 12(b)(6) dismissal, a court accepts as true, Sierra Club v. Jackson, 648 F.3d 848, 855 (D.C. Cir. 2011), and liberally construes, Beattie v. Astrue, 845 F. Supp. 2d 184, 190 (D.D.C. 2012), a pro se plaintiff's factual allegations. However, while a plaintiff is accorded "the benefit of every reasonable inference drawn from the well-pleaded facts," Long v. Safeway, Inc., 842 F. Supp. 2d 141, 144 (D.D.C. 2012), he still must "'present a claim on which the Court can grant relief.'" Beattie, 845 F. Supp. 2d at 190 (citation omitted).  "If a plaintiff fails to allege sufficient facts to . . . nudge [his claim] across the line from conceivable to plausible, the complaint will be dismissed." Cornish v. Dudas, 715 F. Supp. 2d 56, 61 (D.D.C. 2010) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Here, Tsitrin concedes that the instant suit concerns Judge Lettow's official conduct and opinion issued in Overview Books, LLC and Lev Tsitrin v. United States, 72 Fed. Cl. 37 (Fed. Cl. 2006).  (See Compl. ¶¶ 11-16; Def.'s Reply at 2.)  Because Tsitrin's action challenges Judge Lettow's official acts, the complaint will be dismissed as to Judge Lettow for failure to

state a claim upon which relief can be granted.  <u>Caldwell</u>, 455 F. App'x at 1.

In addition, "when a federal employee is sued for a wrongful or negligent act, . . . the United States Attorney in the district where the claim is brought[] may certify that the employee was acting at the time within the scope of his or her employment." <u>Stokes v. Cross</u>, 327 F.3d 1210, 1213 (D.C. Cir. 2003) (citing 28 U.S.C. § 2679(d)(1) (additional citation omitted)).  "The certification requires the substitution of the United States for the federal employee as the defendant . . . where a plaintiff fails to allege sufficient facts to rebut [it,]" <u>Hicks v. Office of the Sergeant at Arms for the U.S. Senate</u>, Civil Action No. 07-2186 (RWR), 2012 WL 2673094, at *3 (D.D.C. July 6, 2012), or concedes, as Tsitrin does, that the action concerns a defendant judge's official conduct.  The certification also "converts the lawsuit into an action against the United States under the [FTCA]."  <u>Id.</u>

"The United States maintains sovereign immunity except to the extent that it consents to be sued, and the terms of its consent define a court's jurisdiction to hear the suit." <u>Hornbeck Offshore Transp., LLC v. United States</u>, 563 F. Supp. 2d 205, 209 (D.D.C. 2008).  "[S]uits for damages against the United States under the common law must be brought pursuant to the limited waiver of sovereign immunity in the [Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)]."  <u>Benoit v. United States</u>

- 6 -

Dep't of Agriculture, 608 F.3d 17, 20-21 (D.C. Cir. 2010).  FTCA claims may be dismissed for lack of subject matter jurisdiction where the plaintiff does not exhaust necessary administrative remedies under the FTCA, which is a mandatory prerequisite.  GAF Corp. v. United States, 818 F.2d 901, 904 (D.C. Cir. 1987); see also Cox v. Astrue, Civil Action No. 11-2040 (BAH), 2011 WL 5926772, at *1 (D.D.C. Nov. 16, 2011) (citing Abdurrahman v. Engstrom, 168 F. App'x 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed the case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction.").)

In considering an argument for a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction, a court "treat[s] the complaint's factual allegations as true" and "grant[s] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"  Nat'l Whistleblower Ctr. v. HHS, 839 F. Supp. 2d 40, 44 (D.D.C. 2012) (quoting Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000)).  However, "'[b]ecause subject matter jurisdiction focuses on the court's power to hear the claim, . . . the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion[.]"  Aref v. Holder, 774 F. Supp. 2d 147, 159 (D.D.C. 2011).  "In order to survive a motion to dismiss [under] Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject

matter jurisdiction." Vemuri v. Napolitano, 845 F. Supp. 2d 125, 128 (D.D.C. 2012) (citing Moms Against Mercury v. FDA, 483 F.3d 824, 828 (D.C. Cir. 2007)).  An argument in a defendant's dispositive motion that a plaintiff fails to address in response may be deemed to be conceded.  See Rosenblatt v. Fenty, 734 F. Supp. 2d 21, 22 (D.D.C. 2010); Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 238 F. Supp. 2d 174, 178 (D.D.C. 2002).

Here, the U.S. Attorney's Office filed a certification under 28 U.S.C. § 2679(d) stating that Judge Lettow "was acting within the scope of his employment as an employee and judicial officer of the United States at the time of the alleged events." (Certification [Dkt. 1] at 1.)  Tsitrin has not adequately rebutted the certification, which "is prima facie evidence that the employee['s] conduct was within the scope of [his] employment."  Hicks, 2012 WL 2673094, at *3.  The United States therefore is the proper substituted defendant.  The United States has alleged that Tsitrin cannot maintain FTCA claims because he did not exhaust his administrative remedies.  (Def.'s Mem. at 14, 16.)  Tsitrin has not responded to or refuted that assertion, and the argument will be deemed conceded.[1]  Thus, Tsitrin's FTCA

---

[1] Even if Tsitrin had exhausted his administrative remedies, his complaint does not allege that he did, and the claims against the United States would be subject to dismissal under Rule 12(b)(6) for failure to state a claim for which relief could be granted. See McAlister v. Potter, 843 F. Supp. 2d 117, 123 (D.D.C. 2012) (stating that an official capacity damages claim under the FTCA would fail where the complaint did not allege the required exhaustion of administrative remedies).

- 8 -

claims against the United States fail for lack of subject matter jurisdiction.

## CONCLUSION

Because Judge Lettow is immune from suits arising from his official acts, Tsitrin has failed to state a claim against him. Tsitrin's unexhausted FTCA damages claims against the United States must be dismissed for lack of subject matter jurisdiction. Thus, the defendant's motion to dismiss the complaint will be granted.  A final order accompanies this memorandum opinion.

SIGNED this 29th day of August, 2012.

                                                 /s/
                                      RICHARD W. ROBERTS
                                      United States District Judge